**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**EDDIE LEE PATRICK, JR.**                                                              **PETITIONER**
**ADC # 94049**

**VS.**                                  **NO. 5:16CV00034-JLH-BD**

**WENDY KELLEY, Director,**
**Arkansas Department of Correction**                                   **RESPONDENT**

## RECOMMENDED DISPOSITION

**I.**      **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to

Judge J. Leon Holmes.  Any party may file written objections with the Clerk of Court

within fourteen (14) days of filing this Recommendation.  Objections must be specific

and must include the factual or legal basis for the objection.  An objection to a factual

finding must identify the finding of fact believed to be wrong and describe the evidence

that supports that belief.

By not objecting, any right to appeal questions of fact may be waived.  And, if no

objections are filed, Judge Holmes can adopt this Recommendation without

independently reviewing the record.

**II.**      **Background**

Petitioner Eddie Lee Patrick, Jr. is serving a 480-month sentence in the Arkansas

Department of Correction ("ADC") for terroristic threatening and rape.  Mr. Patrick filed

this pro se petition for writ of habeas corpus (docket entry #2) claiming actual innocence,

insufficiency of the evidence, conflict of interest, evidence tampering, and ineffective

assistance of counsel.  (#2, pp. 5-6)

On October 8, 2009, this Court entered an order dismissing, with prejudice, all of

Mr. Patrick's claims in a petition for writ of habeas corpus filed on November 5, 2008.  In

that petition, Mr. Patrick challenged the same conviction and sentence he challenges in

the instant petition.  This Court dismissed the 2008 petition on grounds that all of the

claims were barred by the statute of limitations set forth in 28 U.S.C. § 2244(d).  See

*Patrick v. State of Arkansas*, No. 5:08cv00295-BD (E.D. Ark. filed Nov. 5, 2008).

On February 5, 2010, Mr. Patrick filed a second pro se petition for writ of habeas

corpus under 28 U.S.C. § 2254, claiming he was denied a fair trial and effective

assistance of counsel during his trial in the Circuit Court of Jefferson County, Arkansas.

See *Patrick v. State of Arkansas*, No. 5:10cv00035-JLH-BD (E.D. Ark. filed Feb. 5,

2010).  The Court dismissed that petition under Rule 4 of the Rules Governing Section

2254 Cases, because the petition was a second or successive petition filed without

authorization from the Eighth Circuit Court of Appeals.  *Id*. at docket entry #4.

On February 12, 2014, Mr. Patrick filed a third pro se petition for writ of habeas

corpus under 28 U.S.C. § 2254.  He again challenged the same rape and terroristic

threatening convictions he had challenged in the previous petitions.  See *Patrick v.*

*Jefferson County Circuit Court*, No. 5:14cv00047-JLH-BD (E.D. Ark. filed Feb. 12,

2014).  The Court again dismissed the petition because it was a second or successive petition filed without authorization from the Eighth Circuit Court of Appeals.  *Id*. at docket entry #5.

In this petition, Mr. Patrick once again challenges the same conviction and sentence without first seeking authorization from the Eighth Circuit Court of Appeals.

## III.    Discussion

This Court lacks jurisdiction to rehear this challenge to Mr. Patrick's convictions. Mr. Patrick has already challenged his convictions through several federal habeas petitions.  In two previous Recommended Dispositions, the Court explained that Mr. Patrick would have to get permission from the court of appeals before this Court could consider another habeas petition.

The law governing successive petitions has not changed.  Before filing a second or successive habeas corpus petition in federal court, a petitioner must seek and receive an order from the appropriate court of appeals that  authorizes the district court to consider the petition.  28 U.S.C. § 2244(b)(3)(A).  Authorization is required even where the petitioner claims actual innocence.  28 U.S.C. § 2244(b)(2)(B)(i)-(ii).  Without an order from the court of appeals authorizing the filing of a second or successive petition, the district court lacks jurisdiction to hear the petition.  *Burton v. Stewart*, 549 U.S. 147,

152-53, 157 (2007).  Summary dismissal of a habeas corpus petition – prior to the respondent's filing answer or other pleading – is appropriate where the petition itself and court records show that the petition is a second or successive petition filed without authorization from the court of appeals.  Rule 4, Rules Governing Habeas Corpus Cases; *Blackmon v. Armontrout*, 61 Fed.Appx. 985, 985 (8th Cir. 2003).

The petition here is clearly "successive" because Mr. Patrick's previous petitions challenged the same state convictions.  There is nothing in the record to indicate that Mr. Patrick sought and received authorization from the Court of Appeals before filing this successive petition.

Mr. Patrick makes some fairly compelling claims, but he has not supported them with any evidence.  Even if he had, this Court simply cannot address these claims without the necessary authorization.  Without permission from the Court of Appeals, the district court cannot consider this case.  28 U.S.C. § 2244(b)(1)-(3)(A).

## IV.    Conclusion

The Court recommends that Judge Holmes DENY and DISMISS Eddie Lee Patrick's successive petition for writ of habeas corpus, without prejudice, for lack of jurisdiction.  The Court further recommends that Judge Holmes deny a certificate of appealability.

---

[1] The court of appeals can authorize the filing of a successive petition only if the new petition satisfies certain statutory requirements.  See 28 U.S.C. § 2244(b)(2).

DATED this 10th day of February, 2016.

_____
UNITED STATES MAGISTRATE JUDGE